Linda BALDWIN, Plaintiff–Appellant,

v.

JIM BUTLER CHEVROLET, INC.,
Defendant–Respondent.

No. 69592.

Missouri Court of Appeals,
Eastern District,
Division Seven.

July 30, 1996.

---

1. All statutory citations are RSMo 1994.

Theresa L. Severs, Peter P. Fiore, Jr., St. Louis, for Appellant.

McCarthy, Leonard, Kaemmerer, Owen, Lamkin & McGovern, Brian E. McGovern, Tami Z. Morrissey, Chesterfield, for Respondent.

KAROHL, Judge.

Linda Baldwin, plaintiff, appeals after summary judgment for Jim Butler Chevrolet, defendant, on alternative claims for odometer fraud and breach of contract. She argues, in her sole point on appeal, that there are two genuine issues of material fact which remain: (1) whether the last digit of the odometer on a Chrysler corporation automobile turns red if someone tampers with it, a condition defendant knew or should have known on January 25, 1991, when it sold her a 1988 Dodge Dynasty automobile; and, (2) whether defendant breached its contract with plaintiff to sell her a used Chrysler automobile with 13,200 miles on the odometer because the mileage reading was an understatement. We affirm.

The pertinent facts are as follows. On January 25, 1991, plaintiff purchased a used 1988 Dodge Dynasty from defendant. On March 17, 1995, over four years later, plaintiff filed a lawsuit alleging statutory odometer fraud and breach of contract. In response, defendant filed a motion for summary judgment alleging: (1) plaintiff's odometer claim was barred by the 2 year statute of limitations contained in § 407.546.2 RSMo 1986; (2) there is no evidence to prove that defendant knew or should have known that the odometer had been altered; and, (3) there is no evidence to prove that defendant had breached the contract.

Plaintiff has never disputed the statute of limitations on a statutory odometer claim or that it bars that claim. Her amended petition refers to the odometer fraud statute, and the prayer asks for triple damages permitted in the statute.

What remains is plaintiff's claim that there are disputed issues on the breach of contract cause of action. Our review is essentially *de novo*. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). A motion for summary judgment is appropriate if affidavits, pleadings, depositions, answers to interrogatories, and admissions on file demonstrate that there is no genuine issue as to any material fact and if the moving party is entitled to summary judgment as a matter of law. Rule 74.04(c); *ITT Commercial Finance Corp.*, 854 S.W.2d at 380. In ruling on a motion for summary judgment, we review the record in the light most favorable to the

non-moving party. *Reed v. Ocello,* 859 S.W.2d 242, 244 (Mo.App. E.D.1993)(*citing ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.,* 854 S.W.2d 371 (Mo. banc 1993)). Where, as here, the trial court grants summary judgment without specifying the basis upon which it was granted, we will uphold the summary judgment if it is appropriate under any theory. *Southwestern Bell Yellow Pages v. Robbins,* 865 S.W.2d 361 (Mo.App. E.D.1993).

■ Defendant's motion alleged plaintiff "failed to state a cause of action for breach of contract." With summary judgment facts, defendant established that it did not know or should not have known that the odometer had been altered. In an affidavit, the general manager of Jim Butler Chevrolet stated that he was unaware a red last digit had any significance in determining if the odometer had been altered. Additionally, he stated that he consulted other employees of Jim Butler Chevrolet and other car dealers, none of whom had any knowledge as to whether a red last digit had any significance. He did not acknowledge there was a red last digit on the car sold to plaintiff. He speculated that on some automobiles the last digit registers tenths of a mile and for that reason it may be red or some other color, but the color has no significance in relation to the odometer's accuracy.

■ A claim, unsupported by facts in evidentiary form, that the manager's lack of knowledge concerning a red last digit is not sufficient to support or preserve a disputed fact issue on a matter known by defendant. Plaintiff presented no contrary facts, in evidentiary form, that defendant knew or should have known that the last digit of the odometer was red, and that, therefore the odometer had been altered. Plaintiff thereby failed to preserve a genuine issue of material fact on the issue of knowledge that there is any significance to the last digit of the odometer registering red. In the absence of such a dispute, the breach of contract claim fails and was properly ruled on summary judgment. In the absence of actual or constructive knowledge the odometer was tampered with, the mileage reading was not a part of the sale agreement.

Plaintiff's arguments that the summary judgment was "against the weight of the evidence" and "amounted to an abuse of discretion" are without merit. Plaintiff failed to offer any facts, in evidentiary form, to dispute defendant's summary judgment facts that defendant had no knowledge regarding the significance of a red last digit. Furthermore, weight of evidence and discretion are not factors in the rendition of a summary judgment.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.